```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                    :
CHOICE HOTELS INTERNATIONAL,
INC.                                :

     v.                             :  Civil Action No. DKC 12-1835

                                    :
ADI SAGAR MOTEL CORPORATION,
INC., et al.                        :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this contract dispute is an unopposed motion for summary judgment filed by Plaintiff Choice Hotels International, Inc. (ECF No. 19). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion will be granted.

**I.   Background**

   **A.   Factual Background**

The following facts are undisputed. On or about June 19, 2007, Defendants ADI Sagar Motel Corporation, Inc. ("ADI Sagar"), Dilip Mehta, Rajendra Patel, and Bharat Patel entered into a franchise agreement with Choice Hotels International, Inc., permitting Defendants to operate a Rodeway Inn franchise in Tampa, Florida. The agreement granted Defendants a license to use Plaintiff's marks and required, in exchange, for Defendants to pay monthly fees and royalties to Plaintiff. It

further required that "any controversy or claim arising out of or relating to this Agreement . . . will be sent to final and binding arbitration before [] the American Arbitration Association[.]" (ECF No. 19-1, Franchise Agreement, at 20).[1]

Defendants fell behind on their monthly payments, and Plaintiff worked with them to "try to reach an acceptable payment schedule." (*Id*. at 3 ¶ 4, Aff. of Gery Brown). Despite these efforts, Defendants "failed to bring their account current." (*Id*.). On November 25, 2009, Gery Brown, Plaintiff's Director of Credit, transmitted a notice of default to Defendants, stating:

> Franchisees are in default of the following provisions of the Franchise Agreement:
>
> 1.   Failure to pay when due monthly continuing franchise fees, monthly marketing fees and monthly reservations services fees required by Section 4(b) of the Franchise Agreement or any other related agreements or Addenda.
>
> 2.   Failure to pay other charges when due, including service charges of Rodeway Owner's Association ("ROA") as required by the Rules and Regulations and the Franchise Agreement.
>
> In addition, Franchisees are in default of the Technology Services Program Statement due to the nonpayment of fees due thereunder.

---

[1] Because Plaintiff filed all of its exhibits under a single docket entry, page references are to those designated by the court's internal electronic case filing system.

> According to Choice's records, the sum of $15,086.29 is now outstanding on the open account.

(*Id*. at 34 (internal emphasis omitted)). When Defendants failed to bring their account current, Plaintiff issued a notice terminating the franchise agreement on April 16, 2010. (*Id*. at 38-39). The notice of termination demanded immediate payment of $81,154.00 and threatened legal action if that amount was not paid in full.

When Defendants failed to pay, the case was submitted to arbitration with the American Arbitration Association, as required under the franchise agreement. Despite the fact that notice was given, Defendants did not participate in the arbitration proceedings. On January 9, 2012, the arbitrator issued an award in favor of Plaintiff and against Defendants, jointly and severally, in the following amounts: "$47,685.36 for past due fees and interest through December 11, 2011"; "$27,200.00 for liquidated damages"; "administrative fees and expenses . . . totaling $1,850.00"; and "the compensation and expenses of the arbitrator totaling $1,475.00." (ECF No. 1-1).

**B. Procedural Background**

On June 21, 2012, Plaintiff commenced this action by filing an application to confirm the arbitration award. Specifically, Plaintiff sought the entry of judgment in its favor, and against Defendants, jointly and severally, "in the amount of $78,210.36

[*i.e.*, $47,685.36 for past fees due and interest + $27,200.00 in liquidated damages + $1,850.00 for administrative fees + $1,475.00 in arbitration expenses] plus post-judgment interest until paid." (ECF No. 1, at 2).

When Defendants failed to respond within the requisite time period after service, Plaintiff separately moved for clerk's entry of default and default judgment against ADI Sagar and Dilip Mehta (ECF Nos. 6, 7) and Rajendra and Bharat Patel (together, "the Patels") (ECF Nos. 11, 12). The clerk entered default against ADI Sagar and Dilip Mehta on September 10 (ECF No. 10) and against the Patels on October 4 (ECF No. 14).

The court was subsequently advised that, on or about September 24, the clerk's office in the court's northern division received a *pro se* answer and motion to correct award submitted by the Patels. This document, which was attached to a cover letter from a legal assistant in a Florida law firm, was unsigned and not accompanied by a certificate of service. A representative of the clerk's office contacted the law firm indicated on the cover letter, advising that the answer could not be accepted for filing in its present condition. The clerk was told that a signed and served copy would be filed promptly. No subsequent filing was ever made, however, and the purported answer and motion was never docketed. Finding that the Patels "should have been afforded an opportunity to correct their

4

deficient answer before default was entered," the court vacated the clerk's entry of default and directed the Patels "to file a signed answer, including a certificate of service, by no later than November 26." (ECF No. 15-2, at 2).

The Patels filed an answer in proper form on November 21, admitting the allegations contained in the complaint, but alleging a "material miscalculation" of the liquidated damages amount awarded by the arbitrator. (ECF No. 16).[2] They argued that "Plaintiff should only receive liquidated damages from the date of default through the anniversary date [of the opening of the hotel at issue] or in this case three months for a total of $4,500.00." (*Id*. at 2).

On January 14, 2013, Plaintiff filed the pending motion for summary judgment as to all defendants. (ECF No. 19).[3] Defendants have not responded.

## II. Standard of Review

Summary judgment may be entered only if there is no genuine issue as to any material fact and the moving party is entitled

---

[2] Upon the filing of their answer, the motion for default judgment, as to the Patels, was rendered moot. (ECF No. 12). Accordingly, that motion will be denied.

[3] Plaintiff filed this motion three days after the dispositive motions deadline, concomitantly moving for an extension of time. (ECF No. 18). Defendants have not opposed this motion, and it will be granted. Furthermore, because Plaintiff seeks summary judgment as to all defendants, its prior motion for default judgment against ADI Sagar and Dilip Mehta (ECF No. 7) has been rendered moot. That motion will be denied.

to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed.R.Civ.P. 56(e)). "A mere scintilla of proof . . . will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (citations omitted). At the same time, the facts that are presented must be construed in the light most favorable to the party opposing the motion. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Emmett*, 532 F.3d at 297.

**III. Analysis**

Pursuant to 9 U.S.C. § 9, a party to arbitration may apply for an order confirming the arbitration award within one year

after the award is made.  Moreover, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11[.]"  9 U.S.C. § 9.  As relevant here, section 11 permits the court to modify or correct the award "upon the application of any party to the arbitration . . . [w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award."  9 U.S.C. § 11(a).

As the Fourth Circuit has explained:

> Review of an arbitrator's award is severely circumscribed. Indeed, the scope of review of an arbitrator's valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all - the quick resolution of disputes and the avoidance of the expense and delay associated with litigation. *Jih v. Long & Foster Real Estate, Inc.*, 800 F.Supp. 312, 317 (D.Md. 1992). Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law. *In re A.H. Robins Co., Inc.*, 197 B.R. 513, 516 (E.D.Va. 1994).

*Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998) (internal footnotes omitted).

In support of its motion for summary judgment, Plaintiff submits the affidavit of Mr. Brown, which attaches the parties' franchise agreement, the notice of default, the notice of

7

termination, a statement of account as of May 13, 2010, a spreadsheet showing interest calculations as of December 14, 2011, and a document showing lost profits damages through December 29, 2011.  (ECF No. 19-1).  Defendants have not responded to the motion, nor have they challenged any of the substantive allegations contained in Plaintiff's complaint.  In their answer, however, the Patels allege a "material miscalculation" in the arbitrator's award of liquidated damages.

Insofar as the Patels seek modification of the arbitration award pursuant to 9 U.S.C. § 11(a), Plaintiff argues that their motion was untimely.  Indeed, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered," 9 U.S.C. § 12, and a motion to modify filed or served after this three-month period is time-barred, *see Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) (finding that an attempt to vacate an arbitration award could not be made in opposing a later application to confirm because the three-month period had expired).  *See also Chase v. Nordstrom*, Civ. No. CCB-10-2114, 2010 WL 4789442, at *2 (D.Md. Nov. 17, 2010).

Here, the arbitration award was issued on January 9, 2012; thus, the Patels had until April 9, 2012, to give notice of their motion to modify.  Plaintiff asserts, and the record supports, that the Patels gave no such notice until the filing

of their answer, which was initially received in the northern division clerk's office on September 24, 2012. Thus, their motion was untimely by over five months, at the very least. The Patels have not challenged Plaintiff's argument in this regard, nor have they asserted that any exception to the time limitation set forth in § 12 should apply, and it appears doubtful that they could do so. *See Chase*, 2010 WL 4789442, at *2 (citing *Parsons, Brinckerhoff, Quade & Douglas, Inc. v. Palmetto Bridge Constructors*, 647 F.Supp.2d 587, 594 (D.Md. 2009) ("The Fourth Circuit has strongly intimated – but has stopped short of explicitly holding – that there are no equitable exceptions to the three-month limitations period set forth in the Federal Arbitration Act"); *Taylor*, 788 F.2d at 225 ("The existence of any such exceptions to § 12 is questionable, for they are not implicit in the language of the statute, and cannot be described as common-law exceptions because there is no common-law analogue to enforcement of an arbitration award")).

Plaintiff has established that there was a valid contract between the parties requiring arbitration of "any controversy or claim arising out of or relating to this Agreement" (ECF No. 1-2) and that its demands for arbitration arose from Defendants' breach of the parties' franchise agreement (ECF No. 7-1). Thus, the court is satisfied that the claims resolved at arbitration are within the scope of the parties' agreement. Moreover, the

evidence submitted by Plaintiff in support of its motion amply supports the arbitration award. Accordingly, Plaintiff's motion for summary judgment will be granted.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion for summary judgment will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge